HARDY MYERS
Attorney General
KATHARINE VON TER STEGGE  #032300
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Katharine.VonTerStegge@doj.state.or.us

Attorneys for University of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ARISTA RECORDS, LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LaFACE RECORDS, LLC, a Delaware limited liability company; PRIORITY RECORDS, LLC, a California limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS, INC., a Delaware corporation, | Case No. 6:07-cv-06197-H( <br><br> MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA PURSUANT TO FRCP 45B(3)(A) BY THE UNIVERSITY OF OREGON |
|        Plaintiffs, | |
| v. | |
| DOES 1-17, | |
|        Defendants. | |

Page 1 -   MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA PURSUANT
TO FRCP 45B(3)(A) BY THE UNIVERSITY OF OREGON
KV1/cbh/TRIT1597

## I. Introduction

Plaintiffs filed this copyright infringement suit against seventeen unnamed individuals allegedly associated with the University of Oregon (the "University") on August 8, 2007. The same day Plaintiffs also filed an *ex parte* application to take early discovery to determine the identities of the individuals, whom they believe to have illegally downloaded or transferred copyrighted material using, at least in part, the University's computer network. The court granted Plaintiffs' request to take early discovery on September 6, 2007. On September 17, 2007, Plaintiffs served the University of Oregon ("University") with a subpoena under Federal Rule of Civil Procedure 45, commanding the University to produce "[i]nformation, including names, current and permanent addresses, and telephone numbers, sufficient to identify the alleged infringers of copyrighted sound recordings" for the seventeen IP addresses attached to the subpoena. *Ex. 101.*

The University moves the Court to quash that subpoena on the grounds that 1) the information that Plaintiffs seek has been and will continued to be preserved by the University, 2) the subpoena imposes an undue burden on the University as a number of the Does are not readily identifiable from existing records, 3) the language of the subpoena is overbroad, 4) the information sought is protected from disclosure under the Family Educational and Privacy Rights Act ("FERPA") and 5) because the Digital Millenium Copyright Act ("DMCA") is the sole mechanism for Plaintiffs to subpoena the information they seek from the University. The University additionally requests leave to conduct limited discovery in support of its motion.

The University in no way condones copyright infringement. The University itself is a producer and owner of valuable intellectual property and devotes significant resources to preventing and deterring the infringement of intellectual property rights. The University, however, is subject to the conditions of Family Educational Rights and Privacy Act ("FERPA") and Oregon Administrative Rules concerning student records and has both a legal and an ethical

Page 2 -   MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA PURSUANT
           TO FRCP 45B(3)(A) BY THE UNIVERSITY OF OREGON
           KV1/cbh/TRIT1597

obligation to ensure that its students' right to privacy is protected under the law and defended against intrusion. *Exhibit 102.*

## II. Argument

### A.  Plaintiffs Misrepresented Information to Obtain the Ex Parte Order

Plaintiffs obtained the *ex parte* order allowing them to take early discovery in this case without notice to the University.  While the University is not a party to the case, the order directly affects the rights and obligations of the University and was obtained in part on representations made by the Plaintiffs that there existed a "very real danger the ISP will not long preserve the information that Plaintiffs seek." *Memorandum of Law in Support of Ex Parte Application,* p.6.  The University disputes Plaintiffs' representation to the Court regarding the potential for spoliation of evidence in this case.  In making that representation that evidence might be destroyed, Plaintiffs failed to inform the Court that they specifically addressed the issue with the University in advance of this litigation and received a guarantee that the evidence in question would be preserved. *Exhibit 102.* Plaintiffs obtained an *ex parte* order based on the erroneous representation that the evidence they seek might be destroyed without immediate court intervention.  To the extent that the order was based on that representation, the order should be reconsidered.

### B.  Plaintiffs' Subpoena Imposes an Undue Burden on the University

Plaintiffs' subpoena imposes an undue burden on the University because it requires the University to affirmatively investigate potential copyright infringement by its users.  Under Federal Rule of Civil Procedure 45(c)(3)(iv), a court shall quash or modify a subpoena if it "subjects a person to undue burden."  Plaintiffs assert that the names of the individuals responsible for the alleged infringement can be "quickly and easily" identified by the University from the IP addresses furnished by Plaintiffs. *Memorandum of Law in Support of Ex Parte*

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

*Application,* p. 2. Of the seventeen IP addresses furnished by Plaintiffs, the University is able to identify practically none of the John Does. *Exhibit 103,* p. 3, ¶11.

Five of the seventeen John Does reside in dormitory rooms with at least one other roommate. *Exhibit 103,* ¶8. An IP address in a shared room at the University can be used by any of the occupants, all of the occupants, or visitors. *Id.* While the University can determine which individuals are assigned to a given dorm room where an IP address is used, IP addresses are not assigned to individual students and University cannot determine who in the room is using a given IP address at a given time from its existing electronic records. *Id.* In order to determine the identities of the John Does associated with IP addresses in shared rooms, the University would have to undertake an investigation of all of the individuals who were or may have been present in the shared rooms in question at the time of the alleged acts of copyright infringement. *Id.* ¶11. In order to perform such an investigation, the University would have to allocate resources to conduct interviews and conduct a forensic investigation of privately-owner computers used in the dormitory rooms associated with the IP addresses—the latter undertaking is something the University has no right to do. *Id.* Even after undertaking the expense and inconvenience of an investigation, the University may not be able to conclusively determine the identity of the individuals responsible for downloading material at a specific IP address on the date and time identified by Plaintiffs in the attachment to their subpoena. *Id.*

Two of the seventeen John Does accessed the content in question from single-occupancy dorm rooms. *Exhibit 103,* ¶9. With regard to the IP addresses associated with single-occupant dorm rooms, the University is presently only able to identify the registered occupant of the room, not the identity of the user engaged in the alleged copyright infringement. *Id.* The alleged infringement could have been committed by a visitor just as easily as the occupant him or herself. *Id.* Again, the University would be forced to conduct an investigation in order to both comply with the specifications of the subpoena and the requirements of the FERPA, which

Page 4 -   MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA PURSUANT
          TO FRCP 45B(3)(A) BY THE UNIVERSITY OF OREGON
          KV1/cbh/TRIT1597

prohibits disclosure of records held by educational institutions unless certain stringent conditions are met. *Id.* ¶11.

Nine of the seventeen John Does accessed the content in question from a wireless network or other similar system. *Exhibit 103,* ¶10. While the University can identify a registered username associated with the use, it would not be able to identify the actual infringer without conducting an investigation to determine if the individual assigned that username accessed the content or whether someone else borrowed the username to do it. *Id.*

In short, the subpoena requires the University to create discoverable material to assist Plaintiffs in their litigation rather than merely disclose existing documents. "As a general rule, non-parties are not required to create documents that do not exist, simply for the purposes of discovery." *Gonzales v. Google*, 234 F.R.D. 675, 683 (N.D. Cal 2006) *citing Instituform Tech., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996). Plaintiffs' subpoena should be quashed because it effectively requires a non-party to go beyond the production of documents to the initiation of an inconvenient and potentially expensive investigation.

## C. Plaintiffs' Subpoena is Overbroad

Plaintiffs' subpoena is additionally burdensome because it is overbroad. Plaintiffs seek "[i]nformation, including names, current and permanent addresses, and telephone numbers, sufficient to identify the alleged infringers of copyrighted sound recordings, listed by IP address in Attachment A to the Subpoena." Plaintiffs request contact information for individuals "sufficient to identify the alleged infringers," unqualified by date, time and location. *Exhibit 101.* This request would appear to encompass the contact information of witnesses not engaged in the alleged infringement, and could include employees of the University of Oregon's information technology department. It could also include data stored on the computers associated with the IP addresses in question. Again, complying with such a request would require the University to undertake an investigation to identify all individuals who might have

Page 5 -    MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA PURSUANT
             TO FRCP 45B(3)(A) BY THE UNIVERSITY OF OREGON
             KV1/cbh/TRJT1597

information relevant to Plaintiffs' claims and possibly compromise the privacy and property rights of its students.

**D.  Plaintiffs Seek Disclosure of Information Protected by FERPA**

Plaintiffs' subpoena should also be quashed because it seeks disclosure of protected information.  Under F.R.C.P. 45 (c)(3)(A)(iii), the court shall quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Complying with Plaintiffs' subpoena would force the University to disclose information contained in records protected both by FERPA and Oregon Administrative Rules promulgated by the University of Oregon which mirror FERPA.[1]

Congress enacted FERPA "to assure parents of students . . . access to their educational records and to protect such individuals' rights to privacy by limiting the transferability of their records without their consent." *Rim of the World Unified School Dist. v. Superior Court*, 104 Cal. App. 4th 1393, 1399 (2002) *citing* 120 Cong. Rec. 39,862 (1974) (joint statement of Sens. Pell and Buckley explaining major amendments to FERPA).   It also passed the Act to "'deter schools from indiscriminately releasing student records" and to place 'a heavy burden on a party seeking access to student records to demonstrate a genuine need which outweighs the student's privacy interest.'" *Smith v. Duquesne University,* 612 F. Supp. 72, 80 (W.D. Pa. 1985) *quoting* 120 Cong. Rec. S39858 (daily ed. Dec. 13, 1974) (joint remarks of Sen. Buckley and Sen. Pell). The Sixth Circuit has noted that the privacy interests protected by FERPA may "find protection in the Constitution." *U.S.A. v. Miami University, et al.*, 294 F.3d 797, 818 n.18 (2002).

Under FERPA, the University is prohibited from releasing any "personally identifiable information in education records" unless "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that the students are notified of all such orders or subpoenas in advance or compliance therewith by the educational

---

[1] The university is subject to OAR 571-020-0100 through 571-020-0250.

Page 6 -    MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA PURSUANT
            TO FRCP 45B(3)(A) BY THE UNIVERSITY OF OREGON
            KV1/cbh/TRIT1597

institution or agency." 20 U.S.C. §1232g(b)(2)(B).  "Education records" are defined as "those

records, files, documents and other materials which (i) contain information directly related to a

student; and (ii) are maintained by an educational agency or institution or by a person acting for

such agency." 20 U.S.C. §1232g(a)(4)(A)(i) & (ii).  No students whose protected records are

within the scope of Plaintiffs' subpoena request have been notified by the University that their

records are subject to disclosure.  The University's obligation to notify the affected students and

to disclose FERPA-protected records pursuant to Plaintiffs' subpoena has not been triggered

because Plaintiffs' subpoena is unduly burdensome, overbroad, and is invalid in light of the

subpoena provisions of the Digital Millennium Copyright Act ("DMCA").  And, as previously

stated, the University is not able to comply with the notice requirements of FERPA and the

relevant OARs because it is not able to identify the alleged infringers.  As such, FERPA and the

OARs prohibit the disclosure of educational records within the scope of Plaintiffs' subpoena.

**E.  The DMCA Contains the Sole Subpoena Provision Available to Plaintiffs**

Plaintiffs' Rule 45 subpoena is invalidated by the DMCA, a statutory scheme enacted by

Congress in 1998 to extend the reach of federal copyright laws in the era of the World Wide

Web.  The DMCA contains a specific subpoena provision that allows copyright holders to

determine the identities of suspected infringers through an *ex parte* subpoena process.  17 U.S.C.

513(h).  The DMCA subpoena is the exclusive subpoena provision available to Plaintiffs to

obtain the information they seek in this case.  Earlier this year, in an infringement lawsuit filed

by many of the same Plaintiffs against John Does associated with the College of William and

Mary, a U.S. District Court in the Eastern District of Virginia denied the Plaintiffs' motion for

early discovery, holding that the DMCA was the sole authority for the authorization of an *ex

parte* subpoena to identify alleged infringers.  *Interscope et al. v. Does 1-7*, 494 F. Supp. 2d 388,

391 (E.D. Va. 2007).  By enacting the DMCA, Congress intended to create a comprehensive

scheme to allow copyright holders to seek the identities of alleged infringers from ISPs apart

Page 7 -   MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA PURSUANT
           TO FRCP 45B(3)(A) BY THE UNIVERSITY OF OREGON
           KV1/cbh/TRIT1597

from Rule 45. And, as stated by the District Court for the District of Columbia, "there is absolutely nothing in the DMCA or its history to indicate that Congress contemplated copyright owners utilizing John Doe actions in federal court to obtain the identity of apparent infringers, rather than employing the subsection (h) process specifically designed by Congress to address that need." *Recording Indus. Ass'n of Am. v. Verizon Internet Servs.*, 240 F. Supp. 2d 24, 45 (2003).

F. **The University Should be Allowed Access to Plaintiffs' Records to Challenge the Subpoena**

    The University additionally requests permission from the Court to conduct limited discovery of its own in support of its motion to quash. Plaintiffs assert that in addition to the IP addresses in question, MediaSentry, its third-party investigator, has collected additional evidence for each individual, including "user logs that include a complete listing of all the files in the individual's share folder at the time." *Declaration of Carlos Linares*, p. 6. Plaintiffs relied exclusively on the *Declaration of Carlos Linares* to make a good cause showing to justify their *Ex Parte Application For Leave to Take Immediate Discovery*, despite the fact that Mr. Linares does not appear to have been personally involved, either directly or in a supervisory capacity, in the investigation undertaken by MediaSentry on behalf of Plaintiffs. His affidavit contains no description of the additional information MediaSentry collected with regard to the Defendants in this lawsuit.

    Plaintiffs are attempting to use the Rule 45 subpoena process to co-opt the University to investigate their case for them. As a non-party, the University is at a disadvantage because it has no access to the discovery process to obtain relevant information in Plaintiffs' possession to challenge the necessity of Plaintiffs' subpoena effectively. The University would like the opportunity to propound interrogatories to Plaintiffs to determine what additional information they have regarding the identity of the named Defendants and would like the option to depose the

Page 8 -   MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA PURSUANT
           TO FRCP 45B(3)(A) BY THE UNIVERSITY OF OREGON
           KV1/cbh/TR1T1597

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

individuals involved in the identification of the IP addresses designated by Plaintiffs. If

Plaintiffs have additional information with which to identify the John Does other than IP

addresses, this information should be available to the court in considering the University's

Motion to Quash.

### III. Conclusion

Plaintiffs' subpoena is unduly burdensome and overbroad. It seeks information that the

University does not readily possess. In order to attempt to comply with the subpoena, the

University would be forced to undertake an investigation to create discovery for Plaintiffs—an

obligation not imposed by Rule 45. As the University is unable to identify the alleged infringers

with any accuracy, it cannot comply with its federal obligation to notify students potentially

affected by the subpoena. Plaintiffs' subpoena is additionally invalid because Congress intended

Plaintiffs to use the DMCA subpoena process to obtain the information they seek, not Rule 45.

Lastly, the University should be allowed access to Plaintiffs through interrogatories and

depositions to determine whether Plaintiffs have additional information with which to identify

Defendants. For the foregoing reasons, Plaintiffs' subpoena should be quashed.

DATED this _31_ day of October, 2007.

Respectfully submitted,

HARDY MYERS
Attorney General

KATHARINE VON TER STEGGE #032300
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Katharine.VonTerStegge@doj.state.or.us
Of Attorneys for University of Oregon

Page 9 -   MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA PURSUANT
           TO FRCP 45B(3)(A) BY THE UNIVERSITY OF OREGON
           KV1/cbh/TRJT1597

**CERTIFICATE OF SERVICE**

I certify that on October $\underline{31}$, 2007, I served the foregoing MEMORANDUM IN

SUPPORT OF MOTION TO QUASH SUBPOENA PURSUANT TO FRCP 45B(3)(A) BY

THE UNIVERSITY OF OREGON upon the parties hereto by the method indicated below, and

addressed to the following:

Kenneth Ray Davis II
William T. Patton
Lane Powell PC
601 SW 2nd Ave Ste 2100
Portland OR  97204
      Of Attorneys for Plaintiffs

\_\_\_ HAND DELIVERY
$\underline{X}$ MAIL DELIVERY
\_\_\_ OVERNIGHT MAIL
\_\_\_ TELECOPY (FAX) **503 778-2200**
\_\_\_ E-MAIL  **davisk@lanepowell.com;**
                  **pattonw@lanepowell.com**
\_\_\_ E-FILE

KATHARINE VON TER STEGGE #032300
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Katharine.VonTerStegge@doj.state.or.us
Of Attorneys for University of Oregon

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791